NUMBER 13-99-101-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



PABLO ZUNIGA, JR., Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 370th District Court 

of Hidalgo County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Hinojosa and
Yañez 

Opinion by Chief Justice Seerden 



Pablo Zuniga, Jr. appeals his conviction for aggravated robbery, rendered on his plea
of nolo contendere without a plea bargain. Zuniga was sentenced by the court to 40 years
in prison. He raises four grounds of error complaining that ineffective assistance of
counsel caused his plea to be involuntary. We affirm. 

Zuniga was indicted for stabbing convenience store employee David Garcia while in the
course of committing theft. He initially retained attorney Nat Perez, but later
substituted Aron Pena as his attorney. While Zuniga was being represented by Pena, the
State had made a plea bargain offer of 15 years, but Zuniga turned it down. At trial,
Zuniga initially pled not guilty and the State began to present evidence against him to a
jury at the guilt/innocence phase of trial. However, Zuniga abruptly changed his plea to
nolo contendere. The trial court questioned him concerning his satisfaction with counsel,
his understanding of his rights, and his competence to change his plea. Satisfied that
Zuniga was competent and that he voluntarily wished to change his plea, the trial court
allowed him to plead nolo contendere and accepted a stipulation of evidence agreed to by
both Zuniga and the State. 

By all four points of error, Zuniga complains that his counsel's erroneous advice and
failure to thoroughly discuss the case with him rendered his plea involuntary, in
violation of both the federal and the Texas constitutions. 

To prevail on a claim of ineffective assistance of counsel, appellant must show: (1)
counsel's representation fell below an objective standard of reasonableness; and (2) but
for counsel's ineffectiveness, the result would have been different. Strickland v.
Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez
v. State, 988 S.W.2d 770 (Tex. Crim. App.1999). 

Ineffective assistance of counsel may be raised indirectly as affecting the
voluntariness of the plea, since a guilty plea is not knowing or voluntary if made as a
result of ineffective assistance of counsel. See Ex parte Burns, 601 S.W.2d 370,
372 (Tex. Crim. App.1980); Melton v. State, 987 S.W.2d 72, 77 (Tex. App.--Dallas
1998, no pet.); Diaz v. State, 905 S.W.2d 302, 308 (Tex. App.--Corpus Christi
1995, no pet.). 

When a defendant challenges the voluntariness of a plea entered upon the advice of
counsel, contending that his counsel was ineffective, the voluntariness of the plea
depends on (1) whether counsel's advice was within the range of competence demanded of
attorneys in criminal cases and if not, (2) whether there is a reasonable probability
that, but for counsel's errors, he would not have pleaded guilty and would have insisted
on going to trial. Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985); Ex
parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999). 

By his first and second grounds of error, Zuniga complains that Pena failed to discuss
the severity of the photographic evidence with him before trial. 

At a hearing on motion for new trial, Zuniga testified that, after trial began, Pena
pulled him aside and told him that certain photographs graphically depicting the victim's
wounds looked horrible. Zuniga further testified that Pena said he had already looked at
the pictures "but it was a long time ago," and that Pena now advised pleading
nolo contendere and going to the judge for punishment. Pena also testified that he
indicated to Zuniga that the photographs coming into evidence were "pretty
horrible" and that Pena believed the sentence would be very high if Zuniga continued
with the trial and was found guilty. Soon thereafter, Zuniga changed his plea to nolo
contendere. 

On appeal, Zuniga does not complain that Pena's advice concerning the pictures was
inaccurate or incompetent, but that it was given too late in the process for Zuniga to
have taken advantage of the earlier plea bargain by the State for a lighter sentence of 15
years. However, whether or not counsel's advice concerning the photographs was late, the
present complaint has nothing to do with the voluntariness of the plea at trial and we
have no jurisdiction over the broader complaint concerning ineffective assistance during
the earlier plea bargaining process. See Young v. State, No. 1579-96 (Tex. Crim.
App., January 5, 2000)(a valid plea of guilty or nolo contendere waives the right to
appeal a claim of error when the judgment of guilt was rendered independent of, and is not
supported by, the error). Because Zuniga makes no complaint that his decision at trial to
plead nolo contendere was based on inaccurate or incompetent advice concerning the
photographs, we overrule Zuniga's first and second grounds of error. 

By his third and fourth grounds of error, Zuniga complains that Pena inaccurately
informed him that the trial court could consider shock probation when this was not an
option. See Tex. Code Crim. Proc. Ann. art. 42.12(3g)(1)(F) (Vernon Supp. 2000).
However, Zuniga again does not assert that the alleged error specifically contributed to
his decision to plead nolo contendere, but only that the lack of accurate information
prior to trial prevented him from accepting the State's offer to plea bargain for a
15-year sentence. As with the first and second grounds, we have no jurisdiction to
consider the ineffective assistance claims raised in the third and fourth grounds and we
overrule them. 

The judgment of the trial court is AFFIRMED. 





_________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 23rd day of March, 2000.