NUMBER 13-98-647-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



RAMON VERA, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 105th District Court 

of Nueces County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Hinojosa and
Yañez 

Opinion by Chief Justice Seerden 



Ramon Vera appeals from his conviction for possession of cocaine(1)
following the revocation of his deferred adjudication probation. In July 1998, Vera pled
guilty and was placed on deferred adjudication probation for a ten-year period. Later that
year, the State moved to revoke probation, and on November 13, 1998, the trial court
adjudicated guilt and sentenced Vera to twenty years in prison and a $5,000 fine. Vera
raises three grounds on appeal, complaining that his plea of true was not voluntarily and
intelligently given, that counsel was ineffective, and that the trial court erred in
failing to give him the opportunity to present evidence at the punishment hearing. We
affirm. 

Vera's first ground of error complains of the voluntariness of his plea of true to the
allegations in the motion to revoke. An appellant whose deferred adjudication probation
has been revoked and who has been adjudicated guilty of the original charge, may not raise
on appeal contentions of error in the adjudication of guilt process. Tex. Code Crim. Proc.
Ann. art. 42.12, 5(b)(Vernon Supp. 2000) (providing that no appeal may be taken from the
determination to adjudicate guilt); Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex. Crim.
App.1992). There is no indication in the present record that appellant pled true in
exchange for any certain agreement by the State on punishment. Accordingly, the
voluntariness of Vera's plea pertained only to the adjudication of guilt process and may
not be reviewed by this Court. We overrule the first ground of error. 

Vera complains by his second ground of error that his counsel was ineffective for
failing to properly prepare or secure witnesses to testify at the punishment phase of the
hearing. To prevail on a claim of ineffective assistance of counsel, appellant must show:
(1) counsel's representation fell below an objective standard of reasonableness; and (2)
but for counsel's ineffectiveness, the result would have been different. See
Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). The Strickland standard applies to ineffective assistance of counsel
complaints at both the guilt-innocence and punishment phases of the proceedings. Hernandez
v. State, 988 S.W.2d 770 (Tex. Crim. App.1999). 

As a part of his ineffective assistance complaint, Vera contends that his attorney at
the revocation proceeding was appointed on November 6, 1998, less than ten days prior to
the hearing, and therefore did not have the statutorily-required time to prepare his
defense. 

An appointed counsel is entitled to ten days to prepare for a proceeding but may waive
the preparation time with the consent of the defendant in writing or on the record in open
court. Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon Supp. 2000); see Ashcraft v.
State, 900 S.W.2d 817, 829 (Tex. App.--Corpus Christi 1995, no pet.). However, Vera
fails to cite this Court to any portion of the record that would indicate when counsel was
appointed. Moreover, Vera signed a written waiver of the right to ten days' preparation in
connection with his plea of true to the allegations in the motion to revoke. Accordingly,
the effectiveness of counsel's performance may not be measured by the alleged failure to
comply with article 1.051(e). 

At the November 13th hearing, after Vera pled true to the allegations in the
motion to revoke, his counsel asked that he be continued on deferred adjudication
probation and placed in a substance abuse treatment program. In order to prove that Vera
could be rehabilitated by such a program, his attorney called Vera's probation officer and
a licensed chemical dependency counselor and elicited testimony that Vera would be a good
candidate for the drug treatment program rather than prison. The attorney also called Vera
to testify, by which Vera admitted to his addiction but asked for another chance to
rehabilitate himself through long-term treatment. 

After the trial court adjudicated Vera guilty and called for evidence on punishment,
counsel for Vera made the following request: 

[Counsel]: Your Honor, I was wondering if I could ask for a continuance to prepare for
and to present some punishment evidence in this case. 



The Court: What do you mean? 



[Counsel]: I would like to talk to Mr. Vera concerning any other witnesses that we may
call. 



The Court: Today was the day for all of that. Your request for a continuance is denied.
Do you have anything else, any evidence? 



[Counsel]: Just argument, Your Honor. 



Counsel then argued for leniency based on Vera's potential to become a productive
member of society. 

Though counsel's performance appeared reasonable at the adjudication phase of trial,
Vera complains that counsel's failure to present other potential witnesses at the
punishment phase rendered his performance ineffective. 

Counsel has the duty to make an independent investigation of the facts of his client's
case and to seek out and interview potential witnesses in preparation for trial. Ex
parte Langley, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); Ex parte Lilly,
656 S.W.2d 490, 493 (Tex. Crim. App. 1983); Diaz v. State, 905 S.W.2d 302, 307
(Tex. App.--Corpus Christi 1995, no pet.). However, a claim of ineffective assistance of
counsel based on the counsel's failure to call witnesses must fail in the absence of a
showing that such witnesses were available to testify and that the defendant would have
benefitted from their testimony. Wilkerson v. State, 726 S.W.2d 542, 551 (Tex.
Crim. App. 1986), cert. denied, 107 S.Ct. 1590 (1987); Butler v. State,
716 S.W.2d 48, 55 (Tex. Crim. App. 1986). 

Vera made no showing in the present case that other potential witnesses were available
to testify on his behalf. We conclude, based on his performance during the hearing as a
whole, that counsel's representation did not fall below an objective standard of
reasonableness. Counsel presented competent evidence during the adjudication phase
concerning Vera's potential for rehabilitation, and that evidence was forcefully argued
during the punishment phase. We overrule Vera's second ground of error. 

Vera complains by his third ground of error that the trial court erred in not allowing
him to present evidence at the punishment phase of the hearing. 

When a trial court finds that an accused has committed a violation as alleged by the
State and adjudicates a previously deferred finding of guilt, the court must then conduct
a second phase to determine punishment. Pearson v. State, 994 S.W.2d 176, 178
(Tex. Crim. App. 1999); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App.
1992). The defendant must then be given the opportunity to present evidence in mitigation
of guilt if that opportunity was not afforded during the adjudication phase. Hardeman
v. State, 1999 WL 722247 *1 (Tex. Crim. App., September 15, 1999). In the present
case, the trial court did offer Vera the opportunity to present additional evidence, but,
as stated above, his counsel made only argument based on the evidence already offered.
Vera complains that the trial court's denial of his motion for a continuance effectively
prevented him from offering evidence on punishment, but he does not present any argument
or authorities to prove that the trial court abused its discretion in denying a
continuance. 

The granting or denial of a motion for continuance is within the sound discretion of
the trial court, and the refusal of a continuance will not be disturbed absent a showing
that the defendant was prejudiced by his counsel's inadequate preparation time.
Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995); Tex. Code Crim.
Proc. Ann. art. 29.06 (Vernon 1989). Moreover, the bare assertion that counsel did not
have adequate time to prepare without a showing of specific harm does not alone establish
prejudice. Heiselbetz, 906 S.W.2d at 512. 

In the present case, counsel did present evidence at the adjudication phase of the
hearing to support his theory that Vera could be rehabilitated by treatment and should not
be sent to prison. The fact that this evidence came before the actual adjudication of
guilt is immaterial and does not detract from the fact that Vera did present evidence
concerning the appropriate punishment for the trial court to impose. See Hardeman,
1999 WL 722247 *1; Pearson, 994 S.W.2d at 179 (it is immaterial that the
opportunity to present evidence came before the actual words of adjudication). Nor did
counsel make any specific showing of harm as a result of his inability to find more
witnesses to testify on Vera's behalf. We conclude that the trial court did not err in its
conduct of the punishment hearing. We overrule Vera's third ground of error. 

The judgment of the trial court is AFFIRMED. 







__________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 23rd day of March, 2000. 

1. See Tex. Health & Safety Code Ann. 481.115 (Vernon
Supp. 2000).