NUMBER 13-98-544-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


RAYMUNDO S. SOLIS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 36th District Court of Aransas County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Yañez



 Appellant, Raymundo S. Solis, pleaded guilty on an open plea to
the felony offense of indecency with a child,(1) and the trial court
assessed punishment at sixteen years confinement. By two issues,
appellant contends: (1) the trial court's denial of his motion for new trial
deprived him of due process because the court refused to accept a plea
agreement on the day of trial, forcing him to choose between entering
an open plea of guilty and proceeding to trial with an unprepared
counsel; and (2) he was denied effective assistance of counsel. We
reverse and remand for a new trial. 

Background

 On June 5, 1998, appellant was arrested for indecency with a
child, arising out of an incident with his seven-year-old god-child on
May 16, 1998.(2) According to an affidavit by appellant's trial counsel,
Mark DiCarlo, on July 30, 1998, the State offered appellant a plea
agreement for an eight-year sentence, which appellant accepted on July
31, 1998. On August 3, 1998, the day the case was set for trial,
DiCarlo appeared at the Aransas County courthouse and confirmed the
agreement for an eight-year sentence with the prosecutor. According
to DiCarlo, he announced to District Judge Alonzo Rodriguez that a plea
agreement had been reached, and the judge nodded or stated, "okay." 
Shortly thereafter, the prosecutor advised DiCarlo that because Judge
Rodriguez was occupied with a civil matter, the plea would be entered
before Judge Joel B. Johnson. DiCarlo was unconcerned about
entering the plea before Judge Johnson, and did not object. The
prosecutor gave DiCarlo the plea paperwork, and DiCarlo explained the
agreement to appellant. According to DiCarlo, he was given a form by
the prosecutor, which reflected a plea agreement for an eight-year
sentence.(3)

 DiCarlo and appellant appeared before Judge Johnson, and the
judge proceeded with the usual admonishments. The judge then asked
DiCarlo if he had explained to appellant that his plea was being entered
on the day of trial and because of the policy that no plea bargain
agreements would be accepted on the day of trial, appellant's plea
would be treated as an "open" plea. 

 DiCarlo responded that he had not, in fact, explained these matters
to appellant because he was unaware of the policy. During a brief
recess, DiCarlo discussed the matter with the prosecutor. The
prosecutor told DiCarlo that he would recommend an eight-year
sentence and that the judge likely would agree, because the victim's
mother was prepared to testify that an eight-year sentence was
acceptable. After conferring with appellant and his family, appellant
decided to proceed with entering an open plea of guilty. 

 The judge resumed the proceedings, accepted appellant's open
plea of guilty, and proceeded to the disposition phase of the
proceedings. The State then called the victim's mother, Rose Rau, to
testify. On cross-examination by DiCarlo, Rau testified she was told
appellant would be offered an eight-year sentence, and that she did not
object to such a sentence, but she wanted the sentence "stacked"
rather than served concurrently with the sentence imposed at
appellant's revocation hearing. 

 At the conclusion of Rau's testimony, DiCarlo requested a
continuance, noting to the court he was unaware of the court's policy
of refusing to accept plea agreements on the day of trial and was,
therefore, unprepared to proceed. After advising DiCarlo that the only
two choices available were to enter a plea or proceed with a jury trial,
the trial court denied appellant's motion for continuance. The trial court
noted that appellant could, if desired, withdraw his plea and proceed to
trial. DiCarlo was unprepared to proceed to trial, however, because he
had expected the court to accept appellant's plea on the basis of the
plea agreement. After a brief recess, appellant chose to proceed with
the plea. Appellant's wife and sister testified on his behalf. DiCarlo
asked for the State's recommendation, and the State responded with a
recommendation of eight years. The trial court assessed punishment
at sixteen years confinement. 

 Appellant filed a motion requesting a new trial, withdrawal of his
guilty plea, and specific enforcement of the plea agreement. The
motion, which was supported by DiCarlo's affidavit, urged that
appellant's plea was involuntary and that he was denied effective
assistance of counsel. On October 6, 1998 the trial court denied
appellant's motion. 

Discussion


 The granting or denying of a motion for new trial lies within the
sound discretion of the trial court. Lewis v. State, 911 S.W.2d 1, 7
(Tex. Crim. App. 1995); State v. Gonzalez, 855 S.W.2d 692, 696 (Tex.
Crim. App. 1993). Appellate courts ordinarily will not reverse that
decision unless the trial court has abused its discretion. The only
question on appeal is whether the trial court's decision was clearly
wrong and outside the zone of reasonable disagreement. Gonzalez,
855 S.W.2d at 695 n. 4. The test has been stated as being "a question
of whether the court acted without reference to any guiding rules and
principles." Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim.
App. 1990). The reviewing court should not substitute its judgment for
that of the trial court, but should only decide whether the trial court's
decision was arbitrary or unreasonable. Lewis, 911 S.W.2d at 7.

 By his first issue, appellant contends the trial court erred in
denying his motion for new trial. Appellant contends the State denied
him due process when it "directly or indirectly" breached its plea
agreement by taking a passive stance in light of the trial court's refusal
to accept the agreement on the day of trial. He argues that none of the
plea papers stated that plea agreements would not be accepted on the
day of trial, that no one from the prosecutor's office told DiCarlo that
such a policy existed, and because he was unaware of the policy, 
DiCarlo relied on the State's plea bargain offer and did not prepare for
trial. He argues it was therefore fundamentally unfair when the trial
court refused to accept the plea bargain and required him to choose
between pleading guilty on an open plea and proceeding to trial with an
unprepared counsel. 

 By his second issue, appellant contends that he was denied
effective assistance of counsel and that his plea was not voluntarily
entered because he was forced to choose between entering an open
plea of guilty and going to trial with an unprepared counsel.




Ineffective Assistance


 We begin by addressing appellant's second issue. Before a plea
of guilty or plea of nolo contendere may be accepted by the court, it
must be freely and voluntarily given by a mentally competent defendant.
Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989). An involuntary
guilty plea must be set aside. Boykin v. Alabama, 395 U.S. 238, 244
(1969); Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). 
To determine if a plea is voluntary, we consider the record as a whole. 
Williams, 522 S.W.2d at 485.

 An accused is entitled to effective assistance of counsel during the
plea bargaining process. Randle v. State, 847 S.W.2d 576, 580 (Tex.
Crim. App. 1993); Ex Parte Wilson, 724 S.W.2d 72, 73 (Tex. Crim. App.
1987). The constitutional validity of a guilty plea made upon the advice
of counsel depends on whether counsel's performance was reasonably
competent, rendering a defendant effective representation during the
particular proceedings. Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim.
App. 1991). A defendant's election to plead guilty or nolo contendere
when based upon erroneous advice of counsel is not done voluntarily
and knowingly. Id. 

 "When a defendant enters his plea upon the advice of counsel and
subsequently challenges the voluntariness of that plea based on
ineffective assistance of counsel, the voluntariness of such plea
depends on (1) whether counsel's advice was within the range of
competence demanded of attorneys in criminal cases and if not, (2)
whether there is a reasonable probability that, but for counsel's errors,
he would not have pleaded guilty and would have insisted on going to
trial." Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999)
(quoting Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App.
1997)); see also Ex parte Battle, 817 S.W.2d 81, 84 (Tex. Crim. App.
1991); Diaz v. State, 905 S.W.2d 302, 307 (Tex. App.--Corpus Christi
1995, no pet.). Under this test, there is "a strong presumption that
counsel's conduct falls within a wide range of reasonable
representation." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996) (citing Strickland v. Washington, 466 U.S. 668, 689 (1984)). 
The defendant must prove his allegations by a preponderance of the
evidence. Id. Accordingly, the allegation of ineffective assistance must
be firmly founded and affirmatively demonstrated in the record. Id. The
assessment of whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Ex parte
Scott, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979); Stone v. State, 17
S.W.3d 348, 350 (Tex. App.--Corpus Christi 2000, pet. ref'd).

 Even in the most exceptional circumstances, an appellant's claim
he was misinformed by counsel, standing alone, is not enough for us
to hold the guilty plea was involuntary. Fimberg v. State, 922 S.W.2d
205, 208 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd). Cases
holding a guilty plea involuntary have had confirmation in the form of
testimony or documents in the record which reveal misinformation and
its conveyance to the criminal defendant. See, e.g., Ex parte Moody,
991 S.W.2d 856, 858 (Tex. Crim. App. 1999); Fimberg, 922 S.W.2d at
208 (citing Ex parte Griffin, 679 S.W.2d 15, 15 (Tex. Crim. App. 1984);
McGuire v. State, 617 S.W.2d 259, 259 (Tex. Crim. App. 1981); Ex
Parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); State v.
Hartman, 810 S.W.2d 22, 22 (Tex. App.--Beaumont 1991, no pet.);
Murphy v. State, 663 S.W.2d 604, 610 (Tex. App.--Houston [1st Dist.]
1983, no pet.)). In the present case, the record contains DiCarlo's
affidavit, which states he told the trial court he was unprepared to go
to trial because he expected the court to accept the plea bargain
reached with the State and because he was unaware of any policy
precluding acceptance of a plea bargain on the day of trial. The affidavit
further states that "[appellant] would not have entered his plea without
my advice." The affidavit also states:

counsel was ineffective because he was not told and was
not aware of the Court "policy" which would not permit a
plea on the date of trial; counsel was ineffective because he
falsely told the defendant that alleged victim's mother would
recommend eight years; because he falsely told the client the
prosecutor would voluntarily recommend an eight year
sentence. . . . I do not believe I could be effective given the
numerous unusual fact situations and misrepresentations
made to me.


 At the plea hearing, the following exchange occurred between
DiCarlo and the trial court: 

[Court]: Counsel, were you ready for a jury trial?


[DiCarlo]: No, because I was given a plea bargain of eight
years, and my client agreed to the eight years. 


* * * * *



[Court]: Well, you've got two choices, Counsel, you can go
right down the hall and have yourself a jury trial, or you can
have yourself a plea. 


 The State did not dispute DiCarlo's assertion that a plea bargain
existed. The affidavit also states that the State made a "firm offer" of
a plea bargain for an eight-year sentence, and that appellant accepted
the agreement. The State does not dispute on appeal the existence of
a plea bargain.

 Appellant cites Murphy, 663 S.W.2d at 609-10, to support his
contention that his plea was involuntary. Murphy held that a plea is
involuntary when a defendant is given a choice of entering a plea or
going to trial with an unprepared lawyer. Id. at 609. In Murphy, the
defendant was going to trial that day on three counts of aggravated
robbery. Id. His attorney believed that two of the counts had been
severed and was unprepared to try the case because he had not
consulted with the defendant on the two counts or called any of the
witnesses necessary to defend against the two counts. Id.

 In the present case, as in Murphy, appellant was required to
choose between going to trial with an unprepared lawyer, or pleading
guilty on an open plea. Id. We conclude that the decision to plead
guilty under these circumstances cannot be characterized as voluntary. 


 DiCarlo's affidavit clearly states he was unprepared for trial
because he had no knowledge of the policy stating that a plea bargain
would not be accepted on the day of trial. While a trial court is not
obligated to accept the terms of a bargain reached by the parties,
DiCarlo relied on the State's assurance that the court would probably
accept the agreement, and failed to prepare for the possibility of
proceeding to trial. Counsel has a duty to make an independent
investigation of the facts of his client's case and prepare for trial. Diaz,
905 S.W.2d at 307. DiCarlo's failure to investigate sufficiently to learn
of the policy regarding the potential rejection of a plea bargain on the
day of trial constitutes performance below an objective standard of
reasonableness. Had DiCarlo known of the policy, he would have
anticipated that the trial court might refuse to accept the agreement and
would have prepared for trial. With a prepared lawyer, appellant would
have been able to exercise his right to withdraw his plea and proceed
to trial. In such circumstances, the State would have been forced to
proceed immediately to trial or request a continuance. We conclude
that the result of the trial would have been different and that both
prongs of the Strickland test are met. We sustain appellant's second
issue.

 We need not address appellant's remaining issue. See Tex. R. App.
P. 47.1. The trial court's judgment is REVERSED and the cause is
REMANDED to the trial court for a new trial. 


 
 

 LINDA REYNA YAÑEZ

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

21st day of December, 2000.


1. Tex. Pen. Code Ann. § 21.11(Vernon 1989).
2. At the time of his arrest, appellant was on probation for a prior offense of
indecency with a child. As a result, appellant's probation in the earlier cause was
revoked and he was sentenced to seven years confinement by Judge Alonzo
Rodriguez of the 343rd District Court of Aransas County. Appellant's trial counsel in
the present case, Mark DiCarlo, also represented appellant at the revocation hearing. 
 
3. The record does not contain any document specifying the terms of the
agreement; it does, however, reflect that the parties reached a plea agreement.