NUMBER
13-01-782-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

MICHAEL ORTIZ,                                                                  Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 

                        On appeal from the
105th District Court   

                                  of Nueces County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief
Justice Valdez and Justices Yañez and Castillo                  

                         
Opinion by Chief Justice Rogelio Valdez








Appellant,
Michael Ortiz, was convicted of sexual assault of a child and sentenced to five
years imprisonment, probated for ten years. 
The State filed a motion to revoke probation alleging Ortiz violated his
probation by his (1) conviction for driving while intoxicated (DWI); (2)
failure to refrain from the use of alcoholic beverages; (3) failure to report
to the community supervision officer; (4) failure to report a subsequent arrest
within 48 hours; and (5) unauthorized residence with a minor.  By five points of error, Ortiz asserts he was
denied effective assistance of counsel, his pleas of true were involuntary and
unknowing, and the trial court should have granted his motion for new
trial.  We affirm. 

I.  FACTS

On September18,
2000, a jury found Ortiz guilty of sexual assault of a child and sentenced him
to five years imprisonment.  The court
accepted the verdict and placed Ortiz on community supervision for ten years.  On March 6, 2001, the State filed a motion to
revoke alleging Ortiz violated five terms of his probation.  Ortiz pled true to three of the five
allegations.  

At the hearing,
Ortiz admitted under oath that he violated his probation by consuming alcoholic
beverages, driving while intoxicated and failing to report the arrest to his
community supervision officer.  Ortiz=s attorney
argued that Ortiz attempted to comply with all the probation terms except for
the one DWI incident.  








Ortiz pled not
true to the allegations that he failed to report to his community supervision
officer and lived with a minor child. 
The State introduced the testimony of Cassandra Clarich, a community
supervision officer, who stated when she called Ortiz at his girlfriend=s house, the
girlfriend=s thirteen year
old daughter said Ortiz  lived
there.  However, Ortiz=s girlfriend
filed an affidavit claiming Ortiz never lived with her, but lived with his
father.  Ortiz testified he lived with
his father and attempted to comply with the conditions of his probation by
mailing a report to the probation office in November, enrolling in the sex
offender registration program, and submitting to HIV testing.     

The trial court
found Ortiz violated the terms of his probation and revoked Ortiz=s community
supervision sentencing him to five years imprisonment.  Ortiz asks to reverse the trial court=s judgment and
remand the case for a new hearing. 
Alternatively, Ortiz requests reversal of his sentence and remand for a
new trial on punishment. 

II.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his first
three points of error, the appellant contends he was denied effective
assistance of counsel because (1) counsel failed to conduct discovery regarding
the State=s ability to
prove the allegations in the motion to revoke, (2) counsel failed to object to
the introduction of hearsay testimony, and (3) counsel failed to advise Ortiz
about the effect of pleading true to any of the allegations in the motion to
revoke.  








Ortiz has a
right to effective assistance of counsel at a probation revocation hearing
unless it is affirmatively waived.  Tex. Code Crim. Proc. Ann. art. 42.12,
'
21(d) (Vernon Supp. 2001).  To
show ineffective assistance of counsel, appellant must prove (1) his trial
counsel=s performance
fell below an objective standard of reasonableness and (2) there was a
reasonable probability that, but for counsel=s errors, the result of the proceeding
would have differed.  See Strickland
v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726
S.W.2d 53, 54-55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427,
433 (Tex. App.BCorpus Christi
2000, no pet.).  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 693.  Ortiz claims that had he received effective
assistance of counsel, he would not have pled true to any of the allegations.

Ortiz first
argues trial counsel should have conducted an investigation to determine
whether the State could prove the alleged out of state DWI conviction before
advising his client to plead true. 
Counsel has a duty to conduct a proper investigation and prepare for
trial.  See Ex parte
Langley, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992).  A decision not to investigate must be
directly assessed for reasonableness in all the circumstances, applying a heavy
measure of deference to counsel=s
judgments.  See McFarland v. State,
928 S.W.2d 482, 501 (Tex. Crim. App. 1996).  Ortiz admitted under oath that he had a DWI
conviction.  Nothing from the record
casts doubt on the State=s ability to
prove the conviction.  Furthermore, Ortiz
fails to provide proof showing how the results would have differed had counsel
conducted an independent investigation. 
Therefore, his argument fails the second prong of the Strickland test
and must be overruled.  See
Strickland, 466 U.S. at 687, 693.  








Ortiz=s second point
of error claims he received ineffective assistance of counsel because of the
attorney=s failure to
object to hearsay testimony regarding Ortiz=s alleged residence in a household with a
minor.  To argue that counsel=s failure to
object amounted to ineffective assistance of counsel, Ortiz must show there was
no reasonable strategy for failing to object. 
See Vaughn v. State, 931 S.W.2d 564, 566
(Tex. Crim. App. 1996).       At the
hearing on the motion for new trial, trial counsel agreed the testimony was
harmful, but stated he did not object to the testimony because he did not want
to draw more attention to the harmful statements.  We find counsel=s decision not to object to the hearsay
testimony represents trial strategy, as objecting would have brought more
attention to the testimony.  See
Graves v. State, 994 S.W.2d 238, 248 (Tex. App.BCorpus Christi
1999, pet. ref=d).  Therefore, we overrule Ortiz=s second point
of error.        

Next, Ortiz
argues he received ineffective assistance of counsel because trial counsel
failed to advise him on the effect of pleading true to the allegations in the
motion to revoke.  The record
affirmatively reflects Ortiz admits that trial counsel discussed the
consequences of a guilty plea with him, and that he understood the consequences
of a guilty plea.  Ortiz also stated
under oath that he was satisfied with trial counsel=s
representation.  Furthermore, Ortiz
signed a statement claiming he understood a plea of true may affect his right
to appeal.  There is no evidence that
trial counsel failed to meet the standards for effective assistance of
counsel.  Strickland, 466
U.S. 694.  Accordingly, we overrule the
third point of error.








Violation of a
single condition of community supervision is sufficient to support a trial
court=s decision to
revoke.  See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  Once the appellate court finds that at least
one ground for revocation has been properly proven, it may generally ignore
errors raised by the defendant concerning alternate grounds for
revocation.  See Sanchez v. State,
603 S.W.2d 869, 871 (Tex. Crim. App. 1980).  We find that regardless of counsel=s
representation sufficient evidence exists to prove Ortiz violated at least one
condition of his probation which supports the trial court=s decision to
revoke probation.  

III.
INVOLUNTARY PLEAS

Ortiz=s fourth and
fifth points of error assert his pleas of true were involuntary and unknowing
due to ineffective assistance of counsel, and the trial court abused its
discretion by failing to grant a motion for new trial.  A plea of guilty is not knowingly and
voluntarily entered if made as a result of ineffective assistance of counsel.  See Ex parte Burns, 601
S.W.2d 370, 372 (Tex. Crim. App. 1980); Diaz v. State, 905 S.W.2d 307,
308 (Tex. App.BCorpus Christi 1995, no writ).   However, voluntariness of a guilty plea is
determined by the totality of circumstances. 
Crawford v. State, 890 S.W.2d 941, 944 (Tex.
App.BSan Antonio 1994, no writ); Munoz v.
State, 840 S.W.2d 69, 74 (Tex. App.BCorpus
Christi 1992, no pet.). 








When a
defendant enters a guilty plea based on the advice of counsel and then
challenges the voluntariness of that plea based on ineffective assistance of
counsel, voluntariness depends on (1) whether counsel=s advice remains
within the range of competence demanded by an attorney in criminal cases, and
(2) whether there is reasonable probability that but for counsel= s errors, the
defendant would not have pled guilty.  See Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App.
1997); Mitich v. State, 47 S.W.2d 137, 140-41 (Tex. App.BCorpus
Christi 2001, no pet.).  Appellant
has the burden to prove counsel=s actions fall
outside the range of competence.  See
Morrow, 952 S.W.2d at 536.  Based on the above discussion, we conclude
that Ortiz has not proved by a preponderance of the evidence counsel=s advice fell
outside the range of competence.  See
Morrow, 952 S.W.2d at 536.  Because we find Ortiz did not receive
ineffective assistance of counsel, the trial court did not abuse its discretion
in failing to grant a motion for new trial. 
See Munoz, 24 S.W.3d at 433.

IV. CONCLUSION

In light of the
totality of circumstances we find counsel=s performance met the
standard of reasonably effective assistance of counsel.  See Strickland, 466 U.S. at 687.  We cannot say that but for counsel=s errors, the results
of trial the trial would have been different. 
Id. 

Accordingly, the trial
court=s judgment is
affirmed.


 

 

 

                                          

ROGELIO VALDEZ

          Chief
Justice

 

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 22nd day
of August, 2002.