Robert TOOMBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49199.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

**260**

stood each specific element of Art. 26.13, supra, is insufficient to reflect compliance with Art. 26.13, supra. *An affidavit of this nature may not be used as a substitute for the trial court's personal admonishment.*

The judgment is reversed and the cause remanded.

F. G. Shackelford, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Russell Busby, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

James Henry **KESSLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48922.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

## OPINION

MORRISON, Judge.

The offense is felony theft, upon a plea of guilty; the punishment, assessed by the court, six (6) years.

Appellant's second ground of error claims that the trial court failed to properly admonish him according to the provisions of Article 26.13, Vernon's Ann.C.C.P. Specifically, he contends that the trial judge failed to inform him about the range of punishment.

■ An examination of the record reveals no admonition concerning the range of punishment. The admonition therefore does not meet the requirements of Art. 26.-13, supra, and is insufficient to support appellant's guilty plea. Reed v. State, Tex. Cr.App., 500 S.W.2d 137.

■ The affidavit in the record, executed by appellant and approved by the trial court acknowledging that appellant under-