Wilbert Lee **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49322.

Court of Criminal Appeals of Texas.

April 30, 1975.

■■■■■■■■■■■■

———◆———

William G. Rosch, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and William Burge, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for assault to murder a police officer. Appellant pled guilty and the court assessed punishment at five years.

Appellant's sole contention is that the trial judge did not comply with Article 26.-13, Vernon's Ann.C.C.P., before accepting appellant's plea of guilty.

At the trial the following occurred:

"THE COURT: . . . you have now, along with your counsel . . . filed with this court certain pleadings, among them being a written Plea of Guilty advising the court that you now wish to waive formal arraignment and enter a Plea of Guilty to this charge. Is this your desire in the matter?

"THE DEFENDANT: Yes, Sir.

"THE COURT: In this Plea of Guilty, you are making certain representations to this court, which I take it you have gone over with your attorney . . . and these representations you are making are true, is this correct?

"THE DEFENDANT: Yes, Sir.

"THE COURT: You will understand that upon your Plea of Guilty you will be found guilty of the offense charged, that being assault to murder a police officer?

"THE DEFENDANT: Yes, Sir.

"THE COURT: I further advise you that under the law of this State a person found guilty of such an offense, assault to murder a police officer, to which you are pleading guilty, may be punished by confinement in the Texas Department of Corrections for any term of years not less than two years or by confinement for life. The court is not bound to follow recommendations, if any, concerning punishment. I may do so. I may not do so. Now, being so advised as to the consequences of your Plea of Guilty, do you still desire the court to accept same?

"THE DEFENDANT: Yes, Sir.

" * * *

"THE COURT: Then the Court accepts the Defendant's Plea of Guilty and orders same to be entered on the Minutes of this Court. . . ."

The record also contains the following form signed by the appellant and the attorney for the appellant and an order signed by the judge at the time of the hearing, omitting the formal parts:

"I, the undersigned Defendant, appearing in person and with the undersigned Counsel, hereby waive formal arraignment and reading of the indictment or information herein; and I voluntarily and of my own free will plead guilty, as charged in the above entitled and numbered indictment or information.

The undersigned Defendant, in person and by Counsel, hereby states to the Judge of said Court the following:

"1. I have never been treated for any kind of mental illness and that I am sane now and was sane at the time of the commission of the offense to which I have pled guilty; and

"2. No one has promised me anything, or threatened me in any way, or placed me under any kind of fear,

or promised me that I would get probation, a pardon or early parole, in order to cause me to enter a plea of guilty to the charge herein; and

"3. I fully understand that the Judge is not bound to follow recommendations, if any, concerning punishment herein; and

"4. I went to the 11th grade in school and can read, write, and understand the English language.

/s/ Wilbert L. Williams
Defendant

"The undersigned Counsel, attorney of record for the above Defendant herein, hereby states to the Judge of said Court the following:

"I have counseled and advised with said Defendant and it is my opinion that said Defendant is sane and is able to and does understand the nature and consequences of these proceedings.

/s/ William G. Rosch, III
Attorney for Defendant

"ORDER

"The Court having considered the foregoing plea of guilty of the Defendant, it plainly appears to the Court that the Defendant is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt; and the Court having duly admonished the Defendant of the consequences of his plea, and the Defendant having persisted in pleading guilty, the Court accepts the Defendant's plea of guilty and orders that such plea shall be entered upon the minutes of this Court.

"Signed and entered this the 14 day of January, 1974.

/s/ Dan E. Walton
Presiding Judge"

The record also contains a Waiver of Trial by Jury and Felony Less Than Capital form signed by appellant and approved by his attorney and the trial judge.

The trial judge properly admonished appellant as to the consequences of his plea. He had before him sufficient information for it to "plainly appear" that the appellant was mentally competent and uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon.

In reversing a conviction based on a plea of guilty, Justice Douglas in Boykin v. Alabama, 395 U.S. 238, at 244, 89 S.Ct. 1709, at 1713, 23 L.Ed.2d 274, at 280 (1969), wrote:

"The three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error 'because the record *does not disclose* that the defendant voluntarily and understandingly entered his pleas of guilty.'" (Emphasis Added)

■ The Supreme Court's requirement for the determination of voluntariness is the consideration of the entire record. The review of the voluntariness of the guilty plea should not be based solely on questions and answers in the statement of facts, but on the record as a whole.

■ This Court recently in Toombs v. State, 514 S.W.2d 259 (Tex.Cr.App.1974), held that an affidavit in the record, executed by appellant and approved by the trial court, is insufficient and may not be used as a substitute for the trial court's personal admonishment as to the range of punishment. We overrule *Toombs*. See Williams v. State, Tex.Cr.App., 522 S.W.2d 488 (decided this date), and Guster v. State, Tex.Cr.App., 522 S.W.2d 494 (decided this date).

■ The record, taken as a whole, reflects that the trial judge satisfied Article 26.13 before his acceptance of the defendant's guilty plea.

In this case:

(1) The defendant executed a written statement stating that he is uninfluenced by fear, persuasion, or delusive hope of pardon;

(2) The appellant's attorney signed the statement and declared that he had advised and counseled the appellant concerning the statement;

(3) The appellant and his attorney reaffirmed their declarations in the statement in open court at the trial; and

(4) After examining the appellant and hearing the verbal acknowledgements concerning the veracity of the statements by appellant and his counsel, the trial judge signed an order reciting that it plainly appeared to him that the appellant was mentally competent and was uninfluenced by fear, persuasion, or delusive hope of pardon.

■ When a defendant pleads guilty he surrenders many valuable rights. We have held, however, that he must affirmatively waive trial by jury, or the judge must empanel a jury. For that waiver we accept a written statement signed by the defendant. Why then can't we accept a written statement from the defendant saying that he was uninfluenced by fear, persuasion or delusive hope of pardon as evidence that it plainly appeared to the trial judge that the appellant was uninfluenced by such factors?

From the record, as a whole, there is sufficient information before the trial court for it to plainly appear to the court that the appellant entered his plea "uninfluenced by any consideration of fear, or by persuasion, or delusive hope of pardon, prompting him to confess his guilt" and that the trial court complied with Article 26.13, supra.

Any cases that might be construed to the contrary are overruled.

For the reasons stated, the judgment is affirmed.

ONION, Presiding Judge (concurring).

The real question presented by this appeal is simply whether a trial court may substitute or use a written form, in part or in whole, to conform with the requirements of Article 26.13, Vernon's Ann.C.C.P.

While in my humble opinion the better practice would have been to have the judge inquire personally of the appellant in open court as to all the requirements of Article 26.13, Vernon's Ann.C.C.P., I deem the procedure here utilized sufficient to reflect a compliance with Article 26.13, Vernon's Ann.C.C.P. For this reason I concur in the result by the majority.

Further, I agree that Toombs v. State, 514 S.W.2d 259 (Tex.Cr.App.1974), should be overruled. In *Toombs* the transcription of the court reporter's notes does not reflect that the court admonished the defendant of the range of punishment. The transcription did reflect the court inquired as to the defendant's insanity, whether his guilty plea was prompted by any consideration of fear, any persuasion, or whether the appellant had been threatened or promised anything to plead guilty, etc. It is observed that the transcription of the court reporter's notes reflects that the defense counsel in response to an inquiry stated, "Yes, your honor, we have been over these same questions a couple of times. And they are on your written admonishment form too. We have been over them too, the written admonishment form." The court then allowed the case to proceed.

The form found in the *Toombs* record is entitled "Defendant's Affidavit of Admonitions" dated and filed the morning of the entry of the guilty plea. It reads as follows:

"I, Robert Toombs, the Defendant in Cause No. 15787, styled the State of Texas vs Robert Toombs, wherein I am charged with the offense of Theft Over $50, desire to enter a plea of guilty to the charge of Theft Over $50, the penalty for which as prescribed by law is confinement in the Penitentiary for not less than 2 years nor more than 10 years.

"I hereby state that:

"1. I do not contend that I am presently insane; nor that I was insane at the time of the commission of the offense.

"2. My plea is entered without any consideration of fear, and I have not been threatened in any manner whatsoever.

"3. My plea is entered without any persuasion and I have been promised nothing for my entering such plea.

"4. My plea is entered without any delusive hope of pardon or parole.

"5. I am entering such plea of guilty because I am guilty of the offense of Theft Over $50 and for no other reason.

/s/   F. G. Shackelford                              /s/   Robert Toombs
Attorney for Defendant                              Defendant

"This Court, having inquired of the above statements by the Defendant, is satisfied that such statements are true and correct and hereby approves this the Defendant's Affidavit of Admonitions on this the 19th day of December, 1973."

---

The court reversed the *Toombs* case, holding that an examination of the record revealed no admonition concerning the range of punishment and the affidavit of the nature involved could not be used as a substitute for the trial court's personal admonishment.[1]

Upon further reflection and study, I have concluded that while the *Toombs* affidavit may not be sufficient to reflect the court personally admonished the defendant as to the range of punishment, it should not be interpreted as holding an affidavit or other written instrument can never be used to satisfy the requirements of Article 26.13, supra, that an accused in a felony case be admonished as to the consequences of his plea.

For the reasons stated, I concur.

1. Undoubtedly *Toombs* overruled sub silentio Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709 (1961), and Wilson v. State, 456 S.W.2d 941 (Tex.Cr.App.1970), if not other cases. In *Vavra* the transcription of the court reporter's notes reflected that the court failed to admonish the defendant as to the range of punishment. Nevertheless, the court found that a pre-trial motion to restrict questioning of the jury panel signed only by defendant's counsel was sufficient to show the defendant personally knew the possible penalties involved. In *Wilson* the court did not admonish the defendant as to the range of punishment, but at the hearing on the motion for new trial stated that during the voir dire examination of the jury panel the prospective jurors were told what the possible punishment would be and the defendant was present. Cf. Ex parte Miller, 169 Tex.Cr.R. 235, 332 S.W.2d 720 (1960), where the defendant testified on the witness stand he knew the possible penalties.