Sue Walston v. Larry Walston















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-043-CV

     SUE WALSTON,
                                                                         Appellant
     v.

     LARRY WALSTON,
                                                                         Appellee
 

From the 19th District Court
McLennan County, Texas
Trial Court # 92-3724-1
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      I concur with my opinion in every respect. I would add that upon remand the parties should
be afforded the full protections due them under our Rules of Civil Procedure to engage in
discovery for developing evidence and for presenting it to a jury. This case has consumed far too
much of our judicial resources to warrant anything less than a careful, studied, textbook-style
proceeding. I am confident that the trial court will make it so. In addition, because of the issues
presented, I believe it unlikely that this case will again be assigned to a trial judge who has had
any prior involvement in it; therefore, it is unnecessary for me to reach Sue’s issues regarding her
motions to recuse the particular judge who heard the trial.
 
                                                                   TOM GRAY
                                                                   Justice

Concurring opinion delivered and filed August 29, 2003
[CV06]



ed guilty, waived a jury, executed a judicial confession, and was
given admonitions of all statutory and constitutional rights, in each case, by the trial judge. The
pleas were open pleas. Evidence was heard on May 8, 1992, and the court found the evidence
sufficient beyond a reasonable doubt to sustain Appellant's guilt in each case. Part of the
punishment evidence was heard and the trial court recessed for the balance of the punishment
evidence until June 1, 1992. On June 1, after hearing the balance of the punishment evidence, the
trial court found Appellant guilty in both cases, and then sentenced him to 35 years and a $5,000
fine in each case.       Subsequently, Appellant pled guilty to murder in another case and was
sentenced to ten years in prison. 
      Counsel in all three cases failed to appeal the convictions. Appellant applied for out-of-time
appeals by habeas corpus in the three cases, and the Court of Criminal Appeals granted the out-of-time appeals in the two drug cases here involved but denied the out-of-time appeal in the murder
case.
      Appellant appeals Cause No. 10-95-155-CR and Cause No. 10-95-156-CR on three identical
points of error.
      Point one: "Appellant was denied the right to effective assistance of counsel."
      In the June 1, 1992, punishment-phase hearing, Appellant testified "he was not criminally
responsible for the offenses" with which he was charged. Appellant asserts he was denied
effective assistance of counsel because his attorney failed at this time to move that his guilty pleas
be withdrawn.
      The standard of review where ineffective assistance of counsel is alleged is set out in
Strickland v. Washington, 446 U.S. 688, and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986). 
      These cases require a showing that Counsel's performance was deficient by norms of the
community, plus a showing that the deficiency so undermined the proper function of the
adversarial process that the trial cannot be relied on as having produced a just result. This is
judged by the totality of counsel's representation and not by isolated acts and omissions. Solis v.
State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1980). The burden of proving ineffective assistance
of counsel is on the appellant and must be proved by a preponderance of the evidence. Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). A claim of ineffective assistance of counsel
should not be sustained unless it is firmly founded in the record. Mercado v. State, 615 S.W.2d
225, 228 (Tex. Crim. App. 1981).
      In Cause No. 10-95-155-CR, the delivery case, Appellant testified in the punishment phase
that he did not sell the cocaine, but that he only weighed the cocaine for the sale.
      Appellant did not have an absolute right to withdraw his plea of guilty after the court heard
the evidence in the May 8, 1992, hearing. It would have been a matter in the discretion of the
court on June 1, 1992, at the punishment hearing. Jackson v. State, 590 S.W.2d 514.
      Counsel's decision not to move to withdraw the guilty plea could have been sound trial
strategy. Appellant's testimony, if believed, still left him guilty as a party to the offense. 
Appellant was seeking probation and deferred adjudication. Moreover, counsel, in view of the
overwhelming evidence of Appellant's guilt, could have chosen not to withdraw Appellant's guilty
plea because he knew the chance of winning at trial was almost non-existent.
      In Cause No. 10-95-156-CR, the possession with intent to deliver case, Appellant testified in
the June 1, 1992, hearing that the cocaine belonged to a female passenger in his car. Appellant
asserts he was denied effective assistance of counsel at this time because his attorney failed to
move to withdraw his guilty plea. It would have been discretionary with the court to permit
withdrawal of the guilty plea. Appellant was seeking probation and deferred adjudication, and
counsel could have chosen not to move to withdraw the guilty plea as a matter of trial strategy. 
Point one is overruled in both cases.
      Point two: "The plea of guilty was not intelligently and voluntarily entered by the appellant."
      Appellant, in both cases, was fully admonished prior to the court accepting his pleas of guilty. 
Thus Appellant has the burden to establish that his pleas were involuntary. Ex parte Gibauitch,
688 S.W.2d 868, 871 (Tex. Crim. App. 1985). And he has a heavy burden because he has
himself attested in the trial court that his plea was voluntary. Harling v. State, 899 S.W.2d 9, 13
(Tex. App.—San Antonio 1995).
      In determining the voluntariness of Appellant's pleas, we examine the entire record, including
the written stipulations and waivers. Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App.
1975); Harling, supra at 13.
      Appellant admitted to the court that his pleas were made freely and voluntarily, and further
told the court that no one hassled him or threatened him in any way to get him to come in and
plead guilty.
      Appellant's testimony in the June 1, 1992, hearing, in both cases, did not raise a genuine issue
as to his guilt, and his testimony came only after the trial judge had finished receiving evidence
on guilt-innocence and had found the evidence sufficient beyond a reasonable doubt to sustain
Appellant's guilt. Point two is overruled in both cases. 
      Point three: "The trial court erred in admitting into evidence testimony regarding harmful
extraneous matters that suggested that Appellant was involved in burglaries and crimes of
violence."
      During the punishment phase, Officer Shields testified he executed a search warrant at 3410
Overton Court and that a red Mustang, several large-screen televisions, several VCRs, stereo
systems, an AK-47 rifle, 3 handguns, and a shotgun were recovered.
      Appellant objected to this testimony as evidence of extraneous offense. The trial court
overruled the objection.
      To constitute an extraneous offense, the evidence must show a crime or bad act, and that the
defendant was connected to it. Lockhart v. State, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992);
Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993).
      The testimony about which Appellant complains does not show a crime or bad act, or that
Appellant was connected to any crime or bad act. The testimony merely describes the items of
property seized from 3410 Overton Court when a search warrant was executed at the residence. 
Nowhere in the testimony complained of is there an intimation that Appellant was involved in or
connected with crimes or bad acts.
      Because the testimony does not show Appellant committed crimes or bad acts, other than those
for which he was on trial, it does not reveal extraneous offense evidence. There was subsequent
evidence that 3410 Overton Court was a "crack house" where Appellant sold drugs.
      The trial judge did not err in overruling Appellant's objection. In any event, the admission
of the evidence was harmless under Tex. R. App. P. 81(b)(2). Point three is overruled in both
cases.
      Judgments in both cases are affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 21, 1996
Do not publish