Garcia v. SOT















NUMBER 13-03-00069-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

EDINSON ALEGRIA GARCIA,
A/K/A EDISON ALEGRIA GARCIA,                                             Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 351st District Court of Harris County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Without a plea agreement, appellant, Edinson Alegria Garcia, a/k/a Edison Alegria
Garcia, pleaded guilty to the offense of possession with intent to deliver cocaine, a
controlled substance listed in Penalty Group 1, weighing 400 grams or more.


 See Tex.
Health & Safety Code Ann. § 481.112(a), (f) (Vernon 2003). The trial court found
appellant guilty and assessed his punishment at sixty-two years imprisonment and a
$250,000 fine. See id. The trial court has certified that this case “is not a plea-bargain
case, and the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2). As this
is a memorandum opinion not designated for publication and the parties are familiar with
the facts, we will not recite them here except as necessary to advise the parties of our
decision and the basic reasons for it. Tex. R. App. P. 47.4.
A. Anders Brief
          Appellant’s court-appointed attorney has filed an Anders brief, asserting there is no
basis for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). In the brief, counsel
states that she has reviewed the clerk’s record and reporter’s record and has concluded
that appellant’s appeal is frivolous and without merit. See id. The brief meets the
requirements of Anders as it presents a professional evaluation showing why there are no
arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under the controlling
authorities, there are no errors in the trial court’s judgment. In the brief, appellant’s counsel
states that she has informed appellant of his right to review the appellate record and to file
a pro se brief. 
B. Appellant’s Pro Se Brief
          Appellant has filed a pro se brief. In a single issue, appellant contends his plea of
guilty was not voluntary because it was based on the erroneous advice of trial counsel.
1. Voluntariness of Plea
          No plea of guilty or plea of nolo contendere shall be accepted by a trial court unless
it appears that the defendant is mentally competent and the plea is free and voluntary. 
Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2004). When we review the
voluntariness of a plea, we examine the record as a whole and determine whether the plea
was entered voluntarily based on the totality of the circumstances. Griffin v. State, 703
S.W.2d 193, 196 (Tex. Crim. App. 1986); see Williams v. State, 522 S.W.2d 483, 485 (Tex.
Crim. App. 1975).
          When the record shows that the trial court gave an admonishment, there is a prima
facie showing of a knowing and voluntary plea of guilty. Ex parte Gibauitch, 688 S.W.2d
868, 871 (Tex. Crim. App. 1985); Dorsey v. State, 55 S.W.3d 227, 235 (Tex. App.–Corpus
Christi 2001, no pet.). The burden then shifts to the defendant to show that he pleaded
guilty without understanding the consequences of his plea and, consequently, suffered
harm. See Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon Supp. 2004); Dorsey, 55
S.W.3d at 235. A defendant's election to plead guilty or nolo contendere when based upon
erroneous advice of counsel is not done voluntarily and knowingly. Ex parte Battle, 817
S.W.2d 81, 83 (Tex. Crim. App. 1991). Once a defendant has pleaded guilty and attested
to the voluntary nature of his plea, he bears a heavy burden at a subsequent hearing to
demonstrate a lack of voluntariness. Ybarra v. State, 93 S.W.3d 922, 925 (Tex.
App.–Corpus Christi 2002, no pet.)
2. Ineffective Assistance of Counsel 
          If a guilty plea is entered upon the advice of counsel, that counsel must be
competent and render effective assistance. Hill v. Lockhart, 474 U.S. 52, 57 (1985); Ex
parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985); Gomez v. State, 921 S.W.2d
329, 332 (Tex. App.–Corpus Christi 1996, no pet.). The standard for reviewing claims of
ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687
(1984). When a defendant challenges the voluntariness of a plea entered upon the advice
of counsel, contending that his counsel was ineffective, "the voluntariness of the plea
depends on (1) whether counsel's advice was within the range of competence demanded
of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and would have insisted on going
to trial." Strickland, 466 U.S. at 687; Ex parte Moody, 991S.W.2d 856, 857-58 (Tex. Crim.
App. 1999). 
3. Analysis
          Appellant was admonished in writing. See Tex. Code Crim. Proc. Ann. art.
26.13(d). The written admonitions are signed by appellant and appellant’s attorney and
state that appellant understands the admonitions and is aware of the consequences of his
plea. See id. The record reflects appellant was admonished that the range of punishment
for this offense was imprisonment for “a term of life or any term of not more than 99 years
or less than 15 years, and in addition, a fine not to exceed $250,000." Appellant
specifically initialed that admonishment. Appellant also initialed the following statements:
•         I understand the admonishments of the trial court set out herein.
 
•         I fully understand the consequences of my plea herein, and after
having fully consulted with my attorney, request that the trial court
accept said plea.
 
•         I have freely, knowingly, and voluntarily executed this statement in
open court with the consent of and approval of my attorney.
 
•         Joined by my counsel, I state that I understand the foregoing
admonishments and I am aware of the consequences of my plea. I
am mentally competent to stand trial and my plea is freely and
voluntarily made. . . . I am totally satisfied with the representation
provided by my counsel and I received effective and competent
representation.
 
The written admonishments provide prima facie proof that appellant pleaded guilty
knowingly and voluntarily. See Ex parte Gibauitch, 688 S.W.2d at 871. Thus, appellant
has a heavy burden to show that his plea of guilty was involuntary because he did not
understand the consequences of his plea. See Dorsey, 55 S.W.3d at 235; Ybarra, 93
S.W.3d at 925. 
          In an attempt to overcome the presumption that his plea was voluntarily made,
appellant asserts his attorney advised him he was eligible for probation when, in fact, he
was not eligible. However, the record contains no evidence regarding any advice counsel
may have provided appellant regarding his eligibility for probation. Thus, we cannot
determine whether counsel's advice was outside the range of competence demanded of
attorneys in criminal cases. Further, the record contains no evidence that but for counsel’s
advice, appellant would not have pleaded guilty and would have insisted on going to trial.
          We do not consider allegations that are unsupported and unfounded in the record. 
Garcia v. State, 791 S.W.2d 279, 282 (Tex. App.–Corpus Christi 1990, pet. ref’d). 
Although counsel for appellant filed a motion for probation, such a request does not
establish that appellant believed he was eligible for probation. See Powers v. State, 727
S.W.2d 313, 315-16 (Tex. App.–Houston [1st Dist.] 1987, pet. ref’d). Thus, appellant has
not met his burden to show that he pleaded guilty without understanding the consequences
of his plea and, consequently, suffered harm. Appellant’s sole issue is overruled.
C. Independent Review of Record
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.–Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record and
counsel’s brief. We find nothing in the record that might arguably support this appeal.
          Accordingly, we dismiss this appeal.
D. Motion to Withdraw
          In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. See Anders, 386 U.S. at 744. An appellate court may grant a counsel’s
motion to withdraw filed in connection with an Anders brief. Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511 (noting that Anders
brief should be filed with request for withdrawal from case). We grant counsel’s motion to
withdraw.
          We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. 
Crim. App. 1997).
                                                                            FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
29th day of July, 2004.