**Opinion filed March 12, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-07-00361-CR**

_____

**CHAD BAILEY, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16250B**

**M E M O R A N D U M   O P I N I O N**

Appellant entered an open plea of guilty to the offense of aggravated robbery. The trial court sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twelve years. In two issues, appellant contends that his guilty plea was involuntary. We affirm.

*Factual Background*

Appellant entered his guilty plea at a hearing that occurred on July 9, 2007. Appellant testified at the hearing that he was experiencing dental problems while being incarcerated pending

trial and that he would like to get out of jail for treatment. The trial court denied appellant's request to be released on a personal recognizance bond until the subsequent punishment hearing.[1] The July 9, 2007 hearing concluded without the trial court making a finding of guilt.

The punishment hearing occurred on September 14, 2007. Appellant requested the trial court to either place him on community supervision or deferred adjudication. Appellant's trial counsel repeated appellant's request to be placed on community supervision during his closing argument. During the prosecutor's closing argument, the State advised appellant and the trial court that community supervision was not an available form of punishment for aggravated robbery under TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(F) (Vernon Supp. 2008). At the close of the September 14, 2007 hearing, the trial court found appellant guilty of "aggravated robbery with a deadly weapon" and assessed his punishment at confinement in prison for a term of twelve years.

Appellant subsequently filed a motion for new trial based on the allegation that the State was not able to locate the victim for trial. Appellant asserted in the motion that he would not have pleaded guilty if he had known that the State was unable to locate the victim. The trial court considered the motion for new trial at a hearing that occurred on November 8, 2007. Appellant initially called Dan Peterson, an investigator in the Taylor County District Attorney's Office, as a witness. Appellant questioned Peterson regarding his ability to locate the victim. Peterson testified that he had not had any problems communicating with the victim in the past in order to secure his attendance at trial.

Appellant also testified at the hearing on the motion for new trial. He stated that he had been incarcerated for sixteen months awaiting trial and that the case had been set for trial on five previous occasions. Appellant additionally testified that he decided to enter an open guilty plea because of his desire to obtain dental treatment. At the conclusion of the hearing on the motion for new trial, appellant's trial counsel made the following argument to the trial court:

> Your Honor, I think that if this case had gone to trial the first four times it was set that it would have given you a better understanding of what really went on out there. I just – I just feel like that my client entered a plea because he'd been there so long and he wanted to go ahead and get it over with and he felt like that – that he would be understood about his role in it and that he'd be considered for probation. And, you know, I just feel real bad for him. I feel like it's something I did, you

---

[1]The trial court informed appellant's mother that it would be willing to permit him to visit a private dentist during his period of incarceration if she would make the necessary arrangements.

know, that I've led him down the primrose path because, you know, I – when he said – well, I had to tell him, I said, "We're not going to get to trial any time soon," and he said, "Well, I'd like to do an open plea so maybe I could get my teeth worked on and get out," you know. And that's – I think if we had had the witness here, the victim here, it would explain some of the circumstances that might have helped us a little bit in sentencing.

*Analysis*

A guilty plea must be freely and voluntarily made to be valid. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2008). An involuntary guilty plea must be set aside. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). To determine if a plea is voluntary, we consider the record as a whole. *Williams*, 522 S.W.2d at 485. In order to obtain relief on a claim of an involuntary plea based upon erroneous information being conveyed to the accused, an applicant must allege and show that he would not have pleaded guilty had he been given the correct information. *Brown v. State*, 943 S.W.2d 35, 36, 42 (Tex. Crim. App. 1997).

*Ineffective Assistance of Counsel*

Appellant alleges in his first issue that his guilty plea was involuntarily and unknowingly entered because of the ineffective assistance of trial counsel. Failure to advise a defendant on the consequences of a guilty plea may constitute ineffective assistance. *See Jackson v. State*, 139 S.W.3d 7, 18-21 (Tex. App.—Fort Worth 2004, pet. ref'd). However, when a defendant is properly admonished and states that he is entering his guilty plea freely and voluntarily, "this establishes a prima facie case that the plea was knowing and voluntary." *Mallett v. State*, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).

To determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so

3

deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id*.

The *Strickland* standard applies to challenges to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For the purpose of our analysis, we assume that appellant's trial counsel's mistaken belief regarding his eligibility for court-ordered community supervision fell below an objective standard of reasonableness.[2] To satisfy the second prong of *Strickland*, appellant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would instead have insisted on going to trial. *Id*.

The record does not establish with a reasonable probability that appellant would not have pleaded guilty but for trial counsel's error. While trial counsel alluded to the error in his argument on the motion for new trial, there is no testimony from appellant where he stated that he relied on the error in deciding to plead guilty. To the contrary, appellant testified that he decided to plead guilty based primarily upon his desire to obtain dental treatment. Appellant did not allege counsel's error as a basis for his motion for new trial, and he did not seek to withdraw his plea when he learned that the trial court could not place him on community supervision. Appellant's first issue is overruled.

*Trial Court Admonishment*

In his second issue, appellant asserts that his guilty plea was involuntarily and unknowingly entered because the trial court did not properly admonish him that community supervision was not available. A trial court has an affirmative duty to admonish a defendant on the range of punishment attached to the offense before the court may accept the defendant's plea of guilty. Article 26.13(a)(1). The court has no duty to admonish the defendant as to his eligibility for community supervision. *See Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986). If, however, the trial court volunteers an admonishment as to the availability of community supervision, the court imposes a duty upon itself to accurately admonish the defendant. *Id*.

Appellant concedes that the trial court properly admonished him on the applicable range of punishment. Furthermore, appellant does not allege that the trial court provided him with inaccurate

---

[2]The State concedes that appellant has satisfied the first prong of the *Strickland* test.

information about community supervision. Appellant argues, however, that the trial court allowed others to provide him with inaccurate information about community supervision and that that imposed a duty on the trial court to intervene by providing him with accurate information. Appellant cites no authority for the proposition that another person's misrepresentation about community supervision imposes a duty on the trial court to provide accurate information, and our own research has discovered none. In the absence of authority imposing such a duty on the trial court to correct a misstatement about the availability of community supervision sua sponte, we conclude that the trial court did not err in failing to admonish appellant. Moreover, we disagree with appellant's claim that the trial court improperly led him to believe he was eligible for probation. Even though community supervision and deferred adjudication are independent of each other, deferred adjudication is a type of probation, and appellant was eligible for deferred adjudication. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3, 5 (Vernon Supp. 2008). Appellant's second issue is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


March 12, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.