Opinion filed March 12, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed March 12,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00361-CR 

                                                     __________

 

                                         CHAD
BAILEY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16250B

 



 

                                             M
E M O R A N D U M   O P I N I O N

Appellant
entered an open plea of guilty to the offense of aggravated robbery.  The trial
court sentenced him to confinement in the Institutional Division of the Texas
Department of Criminal Justice for a term of twelve years.  In two issues,
appellant contends that his guilty plea was involuntary.  We affirm.

                                                              Factual
Background








Appellant
entered his guilty plea at a hearing that occurred on July 9, 2007.  Appellant
testified at the hearing that he was experiencing dental problems while being
incarcerated pending trial and that he would like to get out of jail for
treatment.  The trial court denied appellant=s
request to be released on a personal recognizance bond until the subsequent
punishment hearing.[1]  The
July 9, 2007 hearing concluded without the trial court making a finding of
guilt. 

The
punishment hearing occurred on September 14, 2007.  Appellant requested the
trial court to either place him on community supervision or deferred
adjudication.  Appellant=s
trial counsel repeated appellant=s
request to be placed on community supervision during his closing argument. 
During the prosecutor=s
closing argument, the State advised appellant and the trial court that
community supervision was not an available form of punishment for aggravated
robbery under Tex. Code Crim. Proc.
Ann.  art. 42.12, '
3g(a)(F) (Vernon Supp. 2008).  At the close of the September 14, 2007
hearing, the trial court found appellant guilty of Aaggravated robbery with a deadly weapon@ and assessed his
punishment at confinement in prison for a term of twelve years.

Appellant
subsequently filed a motion for new trial based on the allegation that the
State was not able to locate the victim for trial.  Appellant asserted in the
motion that he would not have pleaded guilty if he had known that the State was
unable to locate the victim.  The trial court considered the motion for new
trial at a hearing that occurred on November 8, 2007.  Appellant initially
called Dan Peterson, an investigator in the Taylor County District Attorney=s Office, as a witness. 
Appellant questioned Peterson regarding his ability to locate the victim. 
Peterson testified that he had not had any problems communicating with the
victim in the past in order to secure his attendance at trial.

Appellant
also testified at the hearing on the motion for new trial.  He stated that he
had been incarcerated for sixteen months awaiting trial and that the case had
been set for trial on five previous occasions.  Appellant additionally
testified that he decided to enter an open guilty plea because of his desire to
obtain dental treatment.  At the conclusion of the hearing on the motion for
new trial, appellant=s
trial counsel made the following argument to the trial court:








Your Honor, I
think that if this case had gone to trial the first four times it was set that
it would have given you a better understanding of what really went on out
there.  I just B I
just feel like that my client entered a plea because he=d been there so long and he wanted to go ahead
and get it over with and he felt like that B
that he would be understood about his role in it and that he=d be considered for
probation.  And, you know, I just feel real bad for him.  I feel like it=s something I did, you
know, that I=ve led
him down the primrose path because, you know, I B
when he said B well, I
had to tell him, I said, AWe=re not going to get to
trial any time soon,@
and he said, AWell, I=d like to do an open plea
so maybe I could get my teeth worked on and get out,@ you know.  And that=s B
I think if we had had the witness here, the victim here, it would explain some
of the circumstances that might have helped us a little bit in sentencing.

 

                                                            Analysis

A
guilty plea must be freely and voluntarily made to be valid.  Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon Supp. 2008).  An involuntary guilty plea must be set aside. Boykin
v. Alabama, 395 U.S. 238, 244 (1969); Williams v. State, 522 S.W.2d
483, 485 (Tex. Crim. App. 1975).  To determine if a plea is voluntary, we
consider the record as a whole. Williams, 522 S.W.2d at 485.  In order
to obtain relief on a claim of an involuntary plea based upon erroneous
information being conveyed to the accused, an applicant must allege and show
that he would not have pleaded guilty had he been given the correct
information. Brown v. State, 943 S.W.2d 35, 36, 42 (Tex. Crim. App.
1997).  

                                        Ineffective
Assistance of Counsel

Appellant
alleges in his first issue that his guilty plea was involuntarily and
unknowingly entered because of the ineffective assistance of trial counsel. 
Failure to advise a defendant on the consequences of a guilty plea may
constitute ineffective assistance.  See Jackson v. State, 139 S.W.3d 7,
18‑21 (Tex. App.CFort
Worth 2004, pet. ref=d). 
However, when a defendant is properly admonished and states that he is entering
his guilty plea freely and voluntarily, Athis
establishes a prima facie case that the plea was knowing and voluntary.@ Mallett v. State,
65 S.W.3d 59, 64 (Tex. Crim. App. 2001).








 To
determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors. Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington,
466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App.
2005); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999). An
allegation of ineffective assistance must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness. Thompson,
9 S.W.3d at 814.  Under normal circumstances, the record on direct appeal will
not be sufficient to show that counsel=s
representation was so deficient and so lacking as to overcome the presumption
that counsel=s conduct
was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). Rarely will the record on direct appeal contain sufficient
information to permit a reviewing court to fairly evaluate the merits of such a
serious allegation. Id.

The
Strickland standard applies to challenges to guilty pleas.  Hill v.
Lockhart, 474 U.S. 52, 59 (1985).  For the purpose of our analysis, we
assume that appellant=s
trial counsel=s
mistaken belief regarding his eligibility for court-ordered community
supervision fell below an objective standard of reasonableness.[2] 
To satisfy the second prong of Strickland, appellant must show there is
a reasonable probability that, but for counsel=s
errors, he would not have pleaded guilty but would instead have insisted on
going to trial. Id.  

The
record does not establish with a reasonable probability that appellant would
not have pleaded guilty but for trial counsel=s
error.  While trial counsel alluded to the error in his argument on the motion
for new trial, there is no testimony from appellant where he stated that he
relied on the error in deciding to plead guilty.  To the contrary, appellant
testified that he decided to plead guilty based primarily upon his desire to
obtain dental treatment.  Appellant did not allege counsel=s error as a basis for his
motion for new trial, and he did not seek to withdraw his plea when he learned
that the trial court could not place him on community supervision.  Appellant=s first issue is overruled.

                                                         Trial
Court Admonishment

In
his second issue, appellant asserts that his guilty plea was involuntarily and
unknowingly entered because the trial court did not properly admonish him that
community supervision was not available.  A trial court has an affirmative duty
to admonish a defendant on the range of punishment attached to the offense
before the court may accept the defendant=s
plea of guilty. Article 26.13(a)(1). The court has no duty to admonish the
defendant as to his eligibility for community supervision.  See Ex parte
Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986).   If, however, the
trial court volunteers an admonishment as to the availability of community
supervision, the court imposes a duty upon itself to accurately admonish the
defendant.  Id.








Appellant
concedes that the trial court properly admonished him on the applicable range
of punishment.  Furthermore, appellant does not allege that the trial court
provided him with inaccurate information about community supervision. 
Appellant argues, however, that the trial court allowed others to provide him
with inaccurate information about community supervision and that that imposed a
duty on the trial court to intervene by providing him with accurate
information.  Appellant cites no authority for the proposition that another
person=s
misrepresentation about community supervision imposes a duty on the trial court
to provide accurate information, and our own research has discovered none.  In
the absence of authority imposing such a duty on the trial court to correct a
misstatement about the availability of community supervision sua sponte, we
conclude that the trial court did not err in failing to admonish appellant.  
Moreover, we disagree with appellant=s
claim that the trial court improperly led him to believe he was eligible for
probation.  Even though community supervision and deferred adjudication are
independent of each other, deferred adjudication is a type of probation, and
appellant was eligible for deferred adjudication.  Tex. Code Crim. Proc. Ann. art. 42.12, '' 3, 5 (Vernon Supp.
2008).  Appellant=s
second issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

March 12, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]The trial court informed appellant=s mother that it would be willing to permit him to
visit a private dentist during his period of incarceration if she would make
the necessary arrangements.





[2]The State concedes that appellant has satisfied the
first prong of the Strickland test.