Opinion filed October 7,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00272-CR

                                                    __________

 

 

                               JOSHUA
WASHINGTON, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee

 



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 8952D

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Joshua Washington was indicted
for two counts of aggravated robbery and two counts of robbery.  The indictment
additionally alleged that Washington had previously been convicted of escape.  Washington
entered an open plea of guilty to one count of aggravated robbery and pleaded true
to the enhancement allegation.  The trial court convicted Washington
accordingly and sentenced him to twenty-five years confinement.  We affirm.

I.  Issues

Washington
challenges his conviction with two issues, contending first that his guilty
plea was involuntary and second that he received ineffective assistance of
counsel.

II.  Discussion

A.  Was Washington’s Plea
Involuntary?

Washington
contends that the trial court erred by not sua sponte setting aside his plea
because his counsel did not understand the law, his counsel conveyed
misinformation to him, and as a result his plea was not voluntary.  A guilty
plea must be made freely and voluntarily.  Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2010).  Involuntary
guilty pleas are invalid.  Boykin v. Alabama, 395 U.S. 238, 244 (1969). 
To determine if a plea is voluntary, we consider the record as a whole.  Williams
v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  In order to obtain
relief on a claim of an involuntary plea based upon the receipt of erroneous
information, Washington must allege and show that he would not have pleaded
guilty had he been given the correct information.  Brown v. State, 943
S.W.2d 35, 36, 42 (Tex. Crim. App. 1997).  When a defendant is properly
admonished and states that he is entering his guilty plea freely and voluntarily,
“this establishes a prima facie case that the plea was knowing and voluntary.” 
Mallett v. State, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).

Washington
concedes that, when he initially appeared before the trial court and pleaded
guilty, he was properly admonished.  He focuses, instead, on the subsequent
hearing held after the preparation of a presentence investigation.  The trial
court began the sentencing hearing by confirming with Washington that he was
pleading guilty to count one and true to the enhancement allegation and that
there was no agreement regarding sentencing.  The trial court also confirmed
that Washington had been given the opportunity to review the presentence
investigation.  When the court asked if there were any objections to that
report, trial counsel objected to the deadly weapon finding, contending that
Washington did not use a weapon or have knowledge of a weapon.  The trial court
reminded counsel that the indictment alleged that Washington exhibited and used
a deadly weapon and that it would, therefore, make a deadly weapon finding.  The
trial court gave Washington the opportunity to withdraw his guilty plea.
Washington and his counsel conferred, and counsel advised the court that Washington
did not want to withdraw his plea and that he accepted the deadly weapon
finding.  Counsel then objected to the enhancement paragraph and asked the court
if it could exclude that conviction from its consideration.  The trial court
advised Washington that, based upon his plea of true, it would find the
enhancement allegation to be true and, therefore, that the possible range of
punishment was fifteen to ninety-nine years confinement.  Washington was given
an additional opportunity to confer with his trial counsel, and counsel then told
the court that Washington was not withdrawing his plea of true.  Washington himself
confirmed that he understood the range of punishment he faced.

Washington
has not shown that but for trial counsel’s misinformation he would have pleaded
differently.  The trial court clearly informed Washington of the consequences
of pleading guilty to aggravated robbery and true to the enhancement
allegation, and Washington was given two opportunities to confer with counsel
during the course of the hearing.  The record unambiguously establishes that Washington
twice reaffirmed his plea after he was informed of the consequences of his
decision.  Issue one is overruled.

B.  Did Washington Receive
Ineffective Assistance of Counsel?

Washington
next argues that his trial counsel was ineffective because counsel did not
understand the law regarding proof of the enhancement allegation and the use of
a deadly weapon.  To determine whether counsel rendered ineffective assistance,
we must first determine whether Washington has shown that his trial counsel’s
representation fell below an objective standard of reasonableness and, if so,
whether there is a reasonable probability that the result would have been
different but for counsel’s errors.  Strickland v. Washington, 466 U.S.
668, 687 (1984).  An allegation of ineffective assistance must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 814 (Tex.
Crim. App. 1999).  Generally, the record on direct appeal will not be
sufficient to show that trial counsel’s representation was so lacking as to
overcome the presumption of reasonable conduct.  Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).

The
record suggests that trial counsel may not have completely understood the
ramifications of Washington’s plea, but it does not establish that the result
would have otherwise been different.  Washington was fully informed by the
trial court of the consequences of his plea, and he reaffirmed that plea.  Even
in the abbreviated proceedings following Washington’s plea, the State
introduced evidence of Washington’s prior conviction and the victim described
being robbed at gunpoint by three individuals including Washington.  Washington
himself did not have a gun, but one of the two individuals he was acting in
concert with did.  Washington threatened to kill the victim if he was lying
about having given them all of his money, and Washington punched the victim.  Thus,
had Washington withdrawn his plea, there is no reason to believe that he would have
been acquitted of aggravated robbery or the enhancement paragraph found to be
not true.  

Moreover,
Washington’s strategy centered on a request for clemency based upon his
acceptance of responsibility and the contention that his conduct was
attributable to the ecstasy he had taken that night.  That strategy was
successful.  The trial court specifically noted that it had considered removing
him from society by warehousing him but had decided that would be inappropriate
in this case, and then it gave him a sentence that was not far removed from the
minimum permissible sentence.  If Washington had withdrawn his plea, this
strategy would have been unavailable and the result could have easily been far
worse.  Issue two is overruled.

III.  Conclusion

The
judgment of the trial court is affirmed.

 

 

                                                                                                                                                                                    RICK
STRANGE

                                                                                                                                                                                    JUSTICE

 

October 7, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.