**Opinion filed October 7, 2010**



## In The

# Eleventh Court of Appeals

_____

## No. 11-09-00272-CR

_____

### JOSHUA WASHINGTON, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8952D**

### M E M O R A N D U M   O P I N I O N

Joshua Washington was indicted for two counts of aggravated robbery and two counts of robbery. The indictment additionally alleged that Washington had previously been convicted of escape. Washington entered an open plea of guilty to one count of aggravated robbery and pleaded true to the enhancement allegation. The trial court convicted Washington accordingly and sentenced him to twenty-five years confinement. We affirm.

## I. *Issues*

Washington challenges his conviction with two issues, contending first that his guilty plea was involuntary and second that he received ineffective assistance of counsel.

## II. *Discussion*

### A. *Was Washington's Plea Involuntary?*

Washington contends that the trial court erred by not sua sponte setting aside his plea because his counsel did not understand the law, his counsel conveyed misinformation to him, and as a result his plea was not voluntary. A guilty plea must be made freely and voluntarily. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2010). Involuntary guilty pleas are invalid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). To determine if a plea is voluntary, we consider the record as a whole. *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). In order to obtain relief on a claim of an involuntary plea based upon the receipt of erroneous information, Washington must allege and show that he would not have pleaded guilty had he been given the correct information. *Brown v. State*, 943 S.W.2d 35, 36, 42 (Tex. Crim. App. 1997). When a defendant is properly admonished and states that he is entering his guilty plea freely and voluntarily, "this establishes a prima facie case that the plea was knowing and voluntary." *Mallett v. State*, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).

Washington concedes that, when he initially appeared before the trial court and pleaded guilty, he was properly admonished. He focuses, instead, on the subsequent hearing held after the preparation of a presentence investigation. The trial court began the sentencing hearing by confirming with Washington that he was pleading guilty to count one and true to the enhancement allegation and that there was no agreement regarding sentencing. The trial court also confirmed that Washington had been given the opportunity to review the presentence investigation. When the court asked if there were any objections to that report, trial counsel objected to the deadly weapon finding, contending that Washington did not use a weapon or have knowledge of a weapon. The trial court reminded counsel that the indictment alleged that Washington exhibited and used a deadly weapon and that it would, therefore, make a deadly weapon finding. The trial court gave Washington the opportunity to withdraw his guilty plea. Washington and his counsel conferred, and counsel advised the court that Washington did not want to withdraw his plea and that he accepted the deadly weapon finding. Counsel then objected to the enhancement paragraph and asked the court if it could exclude that conviction

2

from its consideration. The trial court advised Washington that, based upon his plea of true, it would find the enhancement allegation to be true and, therefore, that the possible range of punishment was fifteen to ninety-nine years confinement. Washington was given an additional opportunity to confer with his trial counsel, and counsel then told the court that Washington was not withdrawing his plea of true. Washington himself confirmed that he understood the range of punishment he faced.

Washington has not shown that but for trial counsel's misinformation he would have pleaded differently. The trial court clearly informed Washington of the consequences of pleading guilty to aggravated robbery and true to the enhancement allegation, and Washington was given two opportunities to confer with counsel during the course of the hearing. The record unambiguously establishes that Washington twice reaffirmed his plea after he was informed of the consequences of his decision. Issue one is overruled.

*B. Did Washington Receive Ineffective Assistance of Counsel?*

Washington next argues that his trial counsel was ineffective because counsel did not understand the law regarding proof of the enhancement allegation and the use of a deadly weapon. To determine whether counsel rendered ineffective assistance, we must first determine whether Washington has shown that his trial counsel's representation fell below an objective standard of reasonableness and, if so, whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Generally, the record on direct appeal will not be sufficient to show that trial counsel's representation was so lacking as to overcome the presumption of reasonable conduct. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

The record suggests that trial counsel may not have completely understood the ramifications of Washington's plea, but it does not establish that the result would have otherwise been different. Washington was fully informed by the trial court of the consequences of his plea, and he reaffirmed that plea. Even in the abbreviated proceedings following Washington's plea, the State introduced evidence of Washington's prior conviction and the victim described being robbed at gunpoint by three individuals including Washington. Washington himself did not have a gun, but one of the two individuals he was acting in concert with did. Washington threatened

3

to kill the victim if he was lying about having given them all of his money, and Washington punched the victim. Thus, had Washington withdrawn his plea, there is no reason to believe that he would have been acquitted of aggravated robbery or the enhancement paragraph found to be not true.

Moreover, Washington's strategy centered on a request for clemency based upon his acceptance of responsibility and the contention that his conduct was attributable to the ecstasy he had taken that night. That strategy was successful. The trial court specifically noted that it had considered removing him from society by warehousing him but had decided that would be inappropriate in this case, and then it gave him a sentence that was not far removed from the minimum permissible sentence. If Washington had withdrawn his plea, this strategy would have been unavailable and the result could have easily been far worse. Issue two is overruled.

### III. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


October 7, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4