

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00047-CR

**RODERICK CARVON BLEDSOE,**

                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                  **Appellee**

---

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2014-392-C1**

---

## MEMORANDUM OPINION

---

Roderick Carvon Bledsoe was convicted of three offenses contained within one indictment, those being: Possession of a Controlled Substance with the Intent to Deliver (Count I), Unlawful Possession of a Firearm by a Felon (Count II), and Endangering a Child, Enhanced (Count III). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010); see *also* TEX. PENAL CODE ANN. §§ 46.04, 22.041(c), 12.425 (West 2011). He was sentenced to 40 years, 15 years, and 10 years, respectively. Because Bledsoe's plea was

not involuntary and because the argument regarding a visiting trial judge's comment was not preserved, the trial court's judgments are affirmed.[1]

Bledsoe complains in his sole issue on appeal that a visiting judge's alleged improper comment at a pretrial hearing was so egregious that six months later it made Bledsoe plead guilty to the offenses charged, thus making his plea involuntary.

A guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id*. (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)). An involuntary guilty plea must be set aside. *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713, 23 L. Ed. 2d 274 (1969); *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). When the record indicates that the trial court duly admonished the defendant, a prima facie showing is made that defendant's plea was voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Jackson v. State*, 139 S.W.3d 7, 14 (Tex. App.—Fort Worth 2004, pet. ref'd). The burden then shifts to the defendant to show that the plea was entered without understanding the consequences thereof. *Id*.

---

[1] Each conviction is the subject of a separate judgment although the offenses were all included in one indictment. Accordingly, we will issue one judgment as to each trial court judgment which all have the same trial court cause number but refer to different counts in the indictment.

At a pretrial hearing on August 14, 2015, after Bledsoe stated that he would not take the State's offer of 40, 20, and 10 years on the three charges, the visiting judge commented, "I don't blame you." It is this comment about which Bledsoe complains.

Almost six months later, on February 5, 2016, at another pretrial hearing, but this time before the elected district judge, Bledsoe confirmed that he was not willing to accept the State's continued offer of 40, 20, and 10 years. On February 9, 2016, at yet another pretrial hearing before the elected trial judge, Bledsoe's co-defendant appeared with her attorney and informed the court that if called to testify, she would invoke her Fifth Amendment right not to testify. After a recess, Bledsoe announced that he would enter an open plea of guilty and have the court assess punishment. Bledsoe was then admonished regarding the consequences of his plea, waived his right to a jury, and pled guilty. Bledsoe does not complain on appeal about any of the trial court's admonishments.

Because the record shows that the trial court duly admonished Bledsoe, there is a prima facie showing that Bledsoe's plea was voluntary, and the burden shifted to Bledsoe to show that the plea was entered without understanding the consequences thereof. There is nothing in the record to indicate that the visiting judge's comment six months earlier had any effect on Bledsoe's decision to plead guilty. Rather, on this record, it appears his decision may have been influenced by his co-defendant's invocation of her

right not to testify. Thus, Bledsoe did not meet his burden to show he did not understand the consequences of his plea.

To the extent Bledsoe also argues that the visiting judge's comment was constitutionally erroneous, that argument is not preserved. Bledsoe cites to the plurality opinion of the Court of Criminal Appeals in *Blue v. State* to argue that an objection was not necessary. *Blue v. State*, 41 S.W.3d 129, 130 (Tex. Crim. App. 2000) (plurality opinion).

In *Blue*, the appellant complained about (1) the trial court's comments to the jury, prior to jury selection, apologizing for the delay in the process and complaining about the defendant's indecision as to whether to take the State's plea bargain offer or go to trial; and (2) the trial court's explanation of why a defendant might not testify. *Id.* at 130. In this situation, four judges of the Court of Criminal Appeals held that these comments tainted the presumption of innocence before the jury and required no objection. *Id.* at 132. A fifth judge held that the trial court's comments violated the right to an impartial judge. *Id.* at 135 (opinion of Keasler, J.). But since that opinion issued, the Court of Criminal Appeals has not expanded upon the types of comments by a trial court which would require no objection. It has, however, limited the value of the opinions in *Blue* to those of minority opinions, such as a concurring opinion. *Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013). Thus, the opinions in *Blue* have no precedential value. *Id.*

Further, the statement in this case was not made before the jury. It certainly does not rise to the level of a taint on the presumption of innocence as found by four judges in

*Blue*. Because the Court of Criminal Appeals has not extended its plurality holding in

*Blue* to comments of a trial court other than those that taint the presumption of innocence,

we decline to do so. Accordingly, because Bledsoe did not object to the trial court's

comment, he failed to preserve his argument for our review.[2]

Bledsoe's sole issue is overruled, and the trial court's judgments are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed October 12, 2016
Do not publish
[CRPM]



---

[2] There is no showing in the record that the elected trial court judge was even aware of the comment of the visiting judge. Further, it is difficult to understand how a judge's comment in support of the decision to reject a plea offer could be characterized as compelling a defendant to make a plea agreement before another judge six months later.